# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3537 | **DATE** | 9/27/2012 |
| **CASE TITLE** | PNC Bank, National Association vs. Vira Fedirko et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, the summary judgment motion of plaintiff PNC Bank, National Association seeking summary judgment of foreclosure against defendants Vira Fedirko, Janusz Minarowski, and The Board of Managers of the Heritage Pointe Condominium [58] is granted. The court requests that PNC Bank submit a proposed order through the proposed order e-mail system that conforms with 28 U.S.C. § 2002 by October 4, 2012. In addition, the court requests that in paragraph 12 of the proposed order, PNC Bank calculate the precise dates for the last date of redemption and the last date to reinstate, assuming that the proposed order will be entered and effective as of October 5, 2012.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Currently pending before the court is the summary judgment motion of plaintiff PNC Bank, National Association seeking summary judgment of foreclosure against defendants Vira Fedirko, Janusz Minarowski, and The Board of Managers of the Heritage Pointe Condominium. (Dkt. No. 58.) The Heritage Pointe Condominium Association is in bankruptcy (Dkt. No. 66), but the bankruptcy court recently issued a relief from stay allowing this foreclosure action to proceed. Order, *In re Heritage Vill. Pointe Condo. Ass'n.*, No. 11-bk-26002 (Bankr. N.D. Ill. Sept. 18, 2012).

    To assist the court in its summary judgment determination, Local Rule 56.1 requires the moving party to file "a statement of material facts as to which the moving party contends there is no genuine issue" and which support the moving party's assertion that it is entitled to summary judgment. N.D. Ill. Local R. 56.1(a)(3); *Smith v. Lamz*, 321 F.3d 680, 682 (7th Cir. 2003). PNC Bank has filed its Rule 56.1 statement of material facts with its summary judgment motion on June 19, 2012. (Dkt. No. 61.) According to the briefing schedule set by the court on June 28, 2012, the defendants were to file their response by July 24, 2012. (Dkt. No. 65.) However, the defendants have not filed a response to PNC Bank's motion or to its statement of material facts as of September 27, 2012.

    Pursuant to Local Rule 56.1(b)(3)(C), "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. Ill. Local R. 56.1(b)(3)(C). Because the defendants have not responded to PNC Bank's Rule 56.1 statement, all material facts set forth in that statement are deemed admitted.

    Based on those facts, the court concludes that there is no genuine issue of material fact that (a) Ms.

**STATEMENT**

Fedirko and Mr. Minarowski executed both the Note and the Mortgage attached to PNC Bank's complaint (Dkt. No. 1, Exs. B, C); (b) PNC Bank, as the successor to Mid America Bank, fsb, is the holder of the Note and Mortgage; (c) Ms. Fedirko and Mr. Minarowski have defaulted under the Note in that they have not made timely payments under the Note and a balance is still owed thereunder; (d) PNC Bank is entitled to recover its attorneys fees and costs from Ms. Fedirko and Mr. Minarowski under the terms of the Note and Mortgage; and (e) Ms. Fedirko and Mr. Minarowski owe PNC Bank a total of $427,020.71 under the Note secured by the Mortgage, plus an additional $9,301.80 in attorney's fees.

Accordingly, the court will grant PNC Bank's motion for summary judgment. The court has also reviewed the proposed "Judgment of Foreclosure and Sale" that PNC Bank submitted through the court's proposed order e-mail system. The order is appropriate except for one error. The order states that the Special Commissioner appointed to administer the foreclosure sale must publish notice of the sale during at least three consecutive calendar weeks according to the requirements of 735 ILCS 5/15-1507(c)(2). Under 28 U.S.C. § 2002, however, "[a] public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published *once a week for at least four weeks* prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated." (emphasis added).

The court therefore requests that PNC Bank submit an additional proposed order through the proposed order e-mail system that conforms with 28 U.S.C. § 2002 by October 4, 2012. In addition, the court requests that in paragraph 12 of the proposed order, PNC Bank calculate the precise dates for the last date of redemption and the last date to reinstate, assuming that the proposed order will be entered and effective as of October 5, 2012. Once PNC Bank submits that proposed order, if it is appropriate, the court will enter it.

*James F. Holderman*